May it please the court good morning Nell Brown from the Federal Defender's Office on behalf of petitioner Kirk Williams. I intend oh I'd like to save two minutes for rebuttal and I intend to focus on the claim that appellate counsel was ineffective for failing to raise the preserved claim or preserved challenge to the experts testimony. The expert was a physician who had met with the victim in the case and had diagnosed the victim as suffering from sexual abuse based solely on that victim's report or primarily on that victim's report in the absence of any physical findings to corroborate that. As the court is aware the Oregon Supreme Court decided in the Southard case in 2009 that that type of diagnosis by an expert is inadmissible. At the time of the direct appeal that claim was had been rejected uniformly by the Intermediate Federal Court. That is correct the Oregon Court of Appeals had routinely rejected this claim but as we have to say that to rule for your client we'd have to say it was ineffective to fail to raise a claim that had been uniformly rejected by the Intermediate Appellate Court. However there were reasons to proceed with the claim aside from the fact that the Court of Appeals had ruled against it. The main reason being that the Oregon Supreme Court had been very clear that this was an issue that was meritorious dating back to the Milbrad case which was more than a decade earlier. The Oregon Supreme Court in overruling the Oregon Court of Appeals on a very similar issue. That case involved a psychotherapist who had interviewed two victims of abuse about their accusations and concluded that they were not being deceptive. The Oregon Supreme Court, the Oregon Court of Appeals had admitted, had affirmed the admission of that testimony and the Oregon Supreme Court reversed finding that that expert testimony was inadmissible. Well it couldn't have been that clear because the Intermediate Federal Court kept rejecting this claim. Correct the Oregon Supreme Court said at that time quote we have said it before and we will say it again but this time with emphasis we really mean it and then the language is no psychotherapist may render an opinion on whether a witness is credible in any trial conducted in this state. The assessment of credibility is for the trier of fact and not for psychotherapists and in that case the Oregon Supreme Court actually. I'm sorry what was the case? This is Milbrad state versus Milbrad 305 Oregon. No that's okay I just want to make sure you're talking about Milbrad. I was and that's an Oregon Supreme Court sitting on bunk decided that. Do they ever not sit on bunk? Sorry? Does the Oregon Supreme Court ever sit not on bunk? Is the Oregon Supreme Court sitting on bunk? Yes some of the other decisions in this area do not reflect that it was on bunk I think that sometimes the justices of the Oregon Supreme Court recuse themselves because they have prior conflicts from their previous lives usually at their Attorney General's office. The Southard case which obviously postdates the trial in this case is very similar to Milbrad we have it. How recent were the Court of Appeals opinions rejecting the claim? How recent? One was Traeger which was 1999 the trial in this case was in 2004 there were several others in the early 2000 the Sanchez-Cruz case is the other main one. Did they all predate the Oregon Supreme Court's pronouncement in that case? They postdate Milbrad. So the Oregon Intermediate Appellate Court looks at Milbrad and says doesn't apply to this situation. Correct and your honor in this case we have not just the history of the Oregon Appellate Court decisions but we also have information in the record about what the reasonable criminal defense attorney was doing. How can you say it's incompetent for a lawyer not to raise a claim even in light of Milbrad when you've got Intermediate Appellate Courts looking at Milbrad and saying no rejecting the claim? Well the trial court the trial attorney in this case thought it was a viable claim he raised it preserved it supported it with evidence even expert testimony so he apparently not or the appellate lawyer missed the cue but this is not a claim that attorneys in Oregon did not recognize as viable as the record reflects the appellate attorney in this case who submitted an affidavit in the federal proceeding has conceded that he overlooked this issue and that it was an issue he had actually argued in the Traeger case where he lost in the Court of Appeals in 1999. Right and he says this was all the talk at the bar and everybody did it. Do we have any other evidence? We do. I mean any reason to think this wasn't just a case of a defense lawyer falling on a sword to help out a client? Well we have the affidavit of the appellate attorney in this case but we also have affidavits from several other attorneys and that's in the excerpt at record excerpt record at starting at page 32 there are several other affidavits I think it starts with the affidavit of Matthew McHenry but there are several other attorneys who've explained that the standard of care the practice in Oregon was to proceed with this claim it was viewed as viable it was something that was expected to be rejected in the Court of Appeals but then eventually what the what the affidavit say is we expected when the Oregon Supreme Court took this up we would win and that's why Mr. Simran who is the appellate attorney in this case but the other attorneys as well submitted affidavits that were attachments to Mr. Simran's affidavit all proceeded with this claim when they saw it certainly as an appellate attorney as a preserved issue as it was here let's play this out in terms of timing at the time let's let's say this the lawyer had raised this issue on appeal to the Oregon Court of Appeals Oregon Court of Appeals and let's assume it had gotten denied when would it have landed in the Oregon Supreme Court probably in about the end of 2008 2007 sorry relative to a year and a half earlier than the South Third claim the timing of the two cases coincides oh sorry so it would have landed about a year and a half before what before the South Third case was decided by the Oregon Supreme Court the question is not when it was decided the question is when they granted review in Southwood they granted review on April of 2008 when this case was pending in the post-conviction trial court what I'm trying to compare is when the petition for review in Southwood was presented to the Oregon Supreme Court it might have been your Williams's petition I'm trying to figure out when would Williams's was right around the same time okay I can't I mean within months his case concluded in the Oregon Supreme Court his same Supreme Court yes no no I I'm sorry I don't mean same judges there wasn't a change of personnel keep change of personnel a court or anything like that not that I'm aware of and this would have been his case concluded on the direct appeal I'm trying to play out the scenario had this issue been raised and had the lawyer raised it had he had he then lost in the court of appeals presumably he would have then presented the Oregon Supreme Court he would have gotten there if I hear you correctly a few months before Southwood yes he could have been South Third the case that we all rely on and again this is a question I asked and you said you think so it would have been the same justices wouldn't the makeup of the court would not have been any different as far as I know yes he could have been South Third and that's our position in terms of and it's the same issue it's an identical issue yes the question of whether the expert can testify to her diagnosis of was also not raised in the habeas petition and by that time and by that time of course Southwood had been granted correct which is all the more reason the post-conviction counsel review had been granted in the South Third case at the time post-conviction counsel was writing the petition in this case so counsel post-conviction counsel should have recognized the South Third issue is viable and when he reviewed the trial court and appellate record he should have recognized at that time that the appellate attorney had dropped this well-preserved well articulated claim and that it was decided you have to win on both ineffective assistance claims correct I'm effective assistance on the Strickland and ineffective assistance under Martinez under the Martinez act to show that it was a substantial claim that post-conviction was ineffective for failing to raise did not have good luck with his lawyers maybe third time's a charm perhaps okay we'll hear from the state may it please the court Rebecca Otten on behalf of the superintendent Mark Knuth I'd like to begin kind of where you left off which is that this is a procedurally defaulted claim petitioner does not dispute that this is a procedurally defaulted claim and argues only that the default should be excused under Martinez which requires a showing first that the state post-conviction counsel was ineffective under Strickland for failing to raise the claim of ineffective assistance of appellate counsel and that requires of course looking back to the time of petitioners state post-conviction proceedings and at that time the Oregon Supreme Court had not decided Southard and it was well settled that's correct had granted review however when you're looking at what post can also hopeful sign I mean if you're the lawyer and you've got a post-conviction I guess they don't call it habeas in Oregon right they call it something else post-conviction right conviction but if you are there on post-conviction and you see this this issue in the record preserved in the trial court not raised on appeal and you know the Oregon Supreme Court is concerning the issue it'd be foolish or worse to not raise it well I would argue that perhaps in the original trial court proceedings or the original appeal knowing that review had been allowed which of course they didn't know then it might be something you know to raise the issue this is perhaps an issue that the Oregon Supreme Court is interested in however when you're looking at whether post-conviction counsel was ineffective you have to look at what post-conviction counsel would have been required to show and post-conviction counsel was required to show not only that appellate counsel acted unreasonably in failing to raise this claim that of course you know there was no indication at that time that the appellant or that the petitioner was prejudiced by that in the appeal and that the appeal would have turned out differently had appellate counsel raised this issue and at the time of the post-conviction trial post-conviction counsel could not have shown that because the Oregon Supreme Court why wouldn't the simple expedient have been to argue to the court to simply delay hearing their case until the Oregon Supreme Court ruled on this issue obviously it was important enough to grant review on I mean it would have to be a very sort of daring or foolish trial judge to say I'm not going to hold off I'm going to anticipate what the Oregon Supreme Court was going to say wouldn't this have been sort of a perfectly obvious thing to do well I'm not sure it again you still have to meet me so talk me out of it well you still have to meet the first prong which is that appellate counsel was ineffective and unreasonable in presenting a 40 page that's perfectly fine if you want to talk about that but you landed on prejudice you know that's where you landed now you want to shift the grounds on me I was engaging you on the point you were making if you want to until you give up stick with prejudice all right so your argument is you couldn't have had it decided because they didn't know what the what this Oregon Supreme Court would do and I said well competent lawyer would have said hold off don't decide it wait you know the Supreme Court is grant review they're going to have to decide it in the next few months hold off and the answer to that is all reasonable post conviction lawyers would not have requested a delay for over a year in the post conviction trial simply to raise this issue which again I think is meritless for other reasons so you have to say not only could that was that an option but that all reasonable post conviction counsel would have thought that this issue was so viable but they it's a winning claim well it's not if the Oregon Supreme Court rules as it eventually did it's a winning claim well why on God's earth would you not tell the trial court hold off don't decide it wait and see what happens well we actually know it's not a winning claim in Oregon because after Southard came out the Court of Appeals has in fact held that failure to raise a Southard claim before the court even allowed review in Southard is not an effective assistance of counsel so I think it was reasonable for post conviction counsel to either should not notice this claim or to decide for tactical reasons to focus on other claims that actually appeared to have merit rather than this claim that would have required a delay of over a year in the post conviction trial and that also appeared to lack merit and what are you relying on you said after Southward the Court of Appeals said oh this was not an effective not to raise it right so in Umberger versus Cerniak the the Oregon Court of Appeals has held that it is not an effective assistance of counsel to fail to raise a Southard claim before under basically the timelines of this case it would not be an effective assistance of counsel and in the Oregon Court of Appeals because the state of the law was such before Southard before review was allowed in Southard that the Court of Appeals had routinely denied these claims had held at least three times in written opinions that diagnosis evidence was admissible and therefore it was not unreasonable for counsel to not raise this issue and that is was it unreasonable to raise on appeal if we disagree with that then the second argument of him any force because we you have to find not only that the claim is valid but that all reasonable post conviction counsel would have raised this claim rather than raising the other claims that post conviction counsel felt were merit had merit and also the post conviction counsel with the fact that the lawyer here says I just overlooked the claim I I thought this kind of claim was meritorious of raising another cases I talked to my friends they all raised this claim I just overlooked it it was not a decision well there's a few responses to that the first of course the best one is that that says nothing about whether post conviction counsel engaged in a strategic decision to not raise the ineffective claim and that I think is the first hurdle that petitioner just simply can't overcome but second moving to the actual ineffective assistance of appellate counsel we know under Harrington that the decision of whether counsel performed unreasonably is an objective standard not based on common practice or best practice but based on reasonableness and counsel's admission several years later that he just missed the ball on this is really not dispositive of the issue of whether all reasonable counsel would have raised this claim doesn't have to be dispositive to be helpful we don't have to give counsel a put basically you know to tell us I was ineffective and we accepted but the fact that he explains look this was a mistake on my part that he says this is the kind of claim I've raised he actually he actually cites a where he raised it in 1999 so he says this is the kind of thing I usually raise again that might have been his practice and that might have even been the best practice but that doesn't make it unreasonable to not do what he did at least remand for the termination of what what a competent lawyer would do in those circumstances well first there's the issue of whether post-conviction counsel was inadequate and I think there's no record that petitioner could make that could overcome that hurdle but second it's really a legal issue we know that the Oregon Court of Appeals had decided this issue three times no it hasn't Umberger was dealing with a failure of trial counsel to raise the issue in this case trial counsel did raise the issue preserved it litigated it so that it was teed up as a perfectly supported not procedurally defaulted claim by the time it got to PCR counsel so what is the tactical choice that could have been made not to preserve a well-founded claim Umberger doesn't address that as far as I recall no I'm because it was looking at the failure of a trial counsel in the trial but now you've got that trial court record I apologize what I meant when when I said we know that the Court of Appeals has decided this three times was what I was talking about was at the time of petitioners appeal the Court of Appeals had decided the diagnosis issue three times and held that this evidence was admissible but to answer your question it is different in that it's a claim of appellate counsel versus trial counsel however Umberger made clear that this was an issue that was surprising to practitioners in Oregon this was a new issue this this case really did change the law in Oregon and change the law but the so we're supposed to be bound by the Oregon Court of Appeals factual finding that all counsel no counsel would have raised this issue even on appeal where the had been raised in fact by the lawyer in this case which is contrary to the notion that it was so settled that nobody would raise it including perhaps the counsel and southern who actually did I wouldn't say it was so settled that no one would raise it obviously people raise claims that have been settled but it was so settled that it was not such that all reasonable counsel would have raised it again it may be true trial counsel might not pursue a futile defense but when it was pursued and then on appeal not to raise it and preserve it seems particularly into the circumstances here seems with or without the declaration not a tactical move that had any upside at all well I think the upside is that you know as with all appellate claims focusing on the most merit the claims with the most merit is you know one of the hallmarks of great appellate advocacy and so what counsel did here was raise four assignments of error in a 40 page brief that he thought had merit and failing to raise a claim that at that time would have completely lacked merit in the Court of Appeals was not unreasonable and I see that I'm out of time so unless the court has further questions we respectfully request that you affirm thank you thank you your honor judge Fisher has it just right in terms of the way to preserve it wasn't just preserved but it was I think the strongest claim preserved during the trial so there'd be plenty of reason for post-conviction certainly with hindsight but I think so at the time as well counsel took great effort to preserve this claim putting on expert testimony and arguing it citing all these prior cases from the Oregon Supreme Court and really developed this claim so it wasn't a claim you wouldn't notice if you reviewed the record in this case. Appellee also continues to fail to recognize the affidavits that are in the record in this case about what the standard of care in Oregon was and that standard of care would have applied to the post-conviction bar as well as the criminal defense trial bar and those attorneys too were well aware that Southard or some case like it could have been Williams was going to come down the pike when it was decided by the Oregon Supreme Court they hoped and expected it would be decided in their favor they certainly didn't know that but that's reason for both post-conviction counsel and appellate counsel to proceed with this potentially viable or actually viable potentially meritorious issue. Thank you.
judges: Kozinski, Fernandez, Fisher